
FILED
2004 Nov-30 PM 01:18
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
JASPER DIVISION

| | | |
|---|---|---|
| ASTRID BURNETTE, | ] | |
| | ] | |
| Plaintiff, | ] | |
| | ] | |
| vs. | ] | CV-04-CO-02729-J |
| | ] | |
| STANDARD FIRE INSURANCE CO., | ] | |
| | ] | |
| Defendant. | ] | |

--------------------------------CONSOLIDATED WITH------------------------------

| | | |
|---|---|---|
| JOHNNY R. BURNETTE, | ] | |
| | ] | |
| Plaintiff, | ] | |
| | ] | |
| vs. | ] | CV-04-CO-2755-J |
| | ] | |
| STANDARD FIRE INSURANCE CO., | ] | |
| | ] | |
| Defendant. | ] | |

MEMORANDUM OF OPINION

I.   Introduction.

Plaintiffs, who are husband and wife, filed separate complaints against

the Standard Fire Insurance Company ("Standard") (originally misidentified

as Travelers Insurance) in the Circuit Court of Walker County, Alabama, on August 12, 2004.  In their complaints, Plaintiffs assert the state law causes of action of breach of contract (Count I) and bad faith (Count II).

Standard removed the actions to this Court on September 14, 2004, asserting jurisdiction pursuant to 28 U.S.C. § 1332 (Diversity).  Plaintiffs agreed to a consolidation of their cases after they were removed to this Court.  Plaintiffs filed a motion to remand (Doc. 7) on October 12, 2004, arguing that the amount in controversy was insufficient to vest diversity jurisdiction with this Court. The motion to remand has been briefed by the parties and is ripe for decision.

Upon due consideration, and for the reasons that follow, the Court is of the opinion that the motion is due to be granted.

II.     Factual Summary.

Plaintiffs are resident citizens of Walker County, Alabama.  (Compl. ¶ 1.)  Standard is a Connecticut Corporation with its principal place of business in Connecticut.  (Notice of Removal ¶ 11.)

On November 2, 2001, Standard issued a policy of insurance to plaintiff Johnny R. Burnette.  (Docs. 5, 6 at Ex. A.) The policy provided personal

property coverage for certain personal property "owned or used by any insured . . . ."[1] (*Id.*)  Both Plaintiffs were included within the definition of "insured" contained in the policy.

Plaintiffs claim they suffered a covered property loss on August 21, 2002.  (Compl. ¶ 4.)  They allege that Standard breached its contract with them by failing and refusing to pay the claims they made under the policy of insurance issued to them by Standard.  (Compl. ¶ 5.)  In addition, Plaintiffs assert that Standard's refusal to pay Plaintiffs' claims amounts to a bad faith refusal to pay.  (Compl. ¶ 8.)

Standard contends that Plaintiffs have breached the insurance contract in part by misrepresenting values in their claim form.  (Docs. 5, 6.) Standard thus denies any liability and seeks a declaratory judgment finding the policy to be null and void.

III.   Standard for Remand.

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian*

---

[1] The policy also provided for other coverage; however, such other coverage is not relevant to the pending action.

*Life Ins. Co. of Am.,* 511 U.S. 375, 377 (1994). For removal to be proper, the court must have subject-matter jurisdiction in the case. "Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). In addition, the removal statute must be strictly construed against removal, and any doubts should be resolved in favor of remand. See *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994).

Standard bears the burden of establishing subject-matter jurisdiction. See *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921) (stating that the defendant bears the burden of proving subject-matter jurisdiction in removed actions).

IV.   Discussion.

Diversity jurisdiction is only appropriate if the parties are completely diverse and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. See *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998). Because Standard removed this action, it has the burden of establishing the propriety of diversity subject-matter jurisdiction. See *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921).

The parties do not dispute that complete diversity exists. The record indicates that Plaintiffs are residents of Alabama, and Standard is deemed to be a resident of Connecticut. Therefore, the Court must ascertain only whether the amount in controversy requirement is met.

In this case, each Plaintiff filed a separate action affirmatively seeking to recover damages in the aggregate amount for all counts of less than $75,000. (Compl.) Plaintiffs are free to avoid federal court by suing for less than the jurisdictional amount. See *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 294 (1938). However, Standard argues that Plaintiffs actually seek more than $75,000, exclusive of interest and costs.

"Where a plaintiff fails to specify the total amount of damages demanded . . . a defendant seeking removal based on diversity jurisdiction must prove by a preponderance of the evidence that the amount in controversy exceeds the $75,000 jurisdictional requirement." *Leonard v. Enterprise Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002) (citing *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1356–57 (11th Cir. 1996)), overruled on other grounds by *Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000). However, in a case where the plaintiff has demanded a specific

amount of damages, "to avoid a remand, . . . defendant must prove to a legal certainty that plaintiff's claim must exceed $[75,000]." *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095–96 (11th Cir. 1994).

In an effort to demonstrate the value of the demand, Standard has attached to its Notice of Removal a copy of what purports to be the "Contents Claim Worksheet" completed by the plaintiffs as a part of the claim process. (Notice of Removal at Ex. C.) This form apparently details the losses of the plaintiffs and, according to Standard, totals $74,511.95. (Doc. 9 ¶ 15.) The plaintiffs' claim for personal property is limited to $70,000 by the terms of the insurance policy. (Docs. 5, 6 at Ex. A.)

Standard insists that while each Plaintiff filed a separate complaint, the fact that they are married and jointly possessed the property requires that this Court aggregate the value of their claims for jurisdictional purposes. "Standard Fire maintains that Plaintiffs' claims **must be aggregated** because they are one and the same." (Doc. 9 ¶ 7.) Standard argues that "[t]he Burnettes are just trying to recover twice for the same claim . . . ." (Doc. 9 ¶ 12.) While the issue of jurisdiction may be in dispute, it is clear that either in state court or federal court, the plaintiffs

will not be entitled to separately recover full compensation for the loss of the same item of personal property.

Plaintiffs urge the Court to conclude that the claims made by them are separate and distinct. Plaintiffs correctly point out that separate and distinct claims should not be aggregated to satisfy the amount in controversy requirement. The question, thus, is whether the claims are, in fact, separate and distinct, or whether they constitute an action to enforce a single right in which the plaintiffs have a common and undivided interest.

> When two or more plaintiffs, having separate and distinct demands, unite for convenience and economy in a single suit, it is essential that the demand of each be of the requisite jurisdictional amount; but when several plaintiffs unite to enforce a single title or right, in which they have a common and undivided interest, it is enough if their interests collectively equal the jurisdictional amount.

*Troy Bank of Troy, Ind., v. G.A. Whitehead & Co.*, 222 U.S. 39, 40–41 (1911).

As with many situations, it is easier to state the general rule than to apply it. Plaintiffs direct the Court to *Hosey v. Seibels Bruce Group, S.*

*Carolina Ins. Co.*, for the proposition that each spouse has an enforceable interest in an insurance policy that can be asserted independently from the other spouse. 363 So. 2d 751 (Ala. 1978). Plaintiffs thus conclude that because they each have a right that can be separately enforced, their demands cannot be aggregated for the purpose of ascertaining the amount in controversy.

Standard points to the language of its policy that arguably makes the Standard policy void if "any insured" acts in certain prohibited ways. This is different from the language in the *Hosey* policy. It is Standard's position that this term of the policy renders the *Hosey* decision ineffective as to the Standard policy. Standard argues that the plaintiffs cannot maintain separate claims to recover insurance benefits for the loss of what it describes as "jointly held marital property."

The Court must answer the following questions: (1) can Plaintiffs recover individually for personal property without their spouse joining in the suit?; (2) even if they can so recover, is it really an action to "enforce a single title or right, in which they have a common and undivided interest?";

and (3) since both plaintiffs limited their recovery to less than $75,000, does the aggregation of their claims make a difference in determining the amount in controversy?

"As to their personalty, the rights of ownership, enjoyment, and disposition by husband and wife, respectively, are the same as between strangers in social relation." *Vaughan v. Borland*, 175 So. 367, 369 (Ala. 1937). However, the joint possession of personal property "raises a presumption of joint ownership, which gives way to direct or circumstantial evidence to the contrary, sufficient to lead to a different conclusion." *Id.* In other words, a person can own and dispose of personal property independently of his or her spouse, or the spouses can own the property jointly.[2] There is nothing before the Court that would enable the Court to determine ownership of the particular items of personal property as between the plaintiffs. It will be incumbent upon the plaintiffs to present sufficient evidence of separate ownership at trial to support separate

---

[2]Clearly the right to own and dispose of personal property can be limited by a court of proper jurisdiction, such as in a divorce situation. This right arguably also could be affected by contract.

monetary awards for the loss of that property.

As to Standard's contention that the condition in the policy that makes certain conduct by any insured an effective bar to the recovery of all those insured, that argument would be a defense to recovery—not an indication that the claims of those insured are common and undivided. The Eleventh Circuit has explained:

> Despite pervasive criticism of the "separate and distinct" versus "common and undivided" distinction as arcane and confusing, there appears to be a common thread in the relevant case law--the presence of a "common and undivided interest" is rather uncommon, existing only when the defendant owes an obligation to the group of plaintiffs as a group and not to the individuals severally. *See Eagle v. American Tel. and Tel. Co.*, 769 F.2d 541, 546 (9th Cir. 1985) ("[T]he character of the interest asserted depends on the source of plaintiffs' claims. If the claims are derived from rights that they hold in group status, then the claims are common and undivided. If not, the claims are separate and distinct."); *National Org. for Women v. Mutual of Omaha Ins. Co.*, 612 F. Supp. 100, 107 (D.D.C.1985).

*Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1262 (11th Cir. 2000). Stated another way, "[a]n identifying characteristic of a common and undivided interest is that if one plaintiff cannot or does not collect his

share, the shares of the remaining plaintiffs are increased." *Sellers v. O'Connell*, 701 F.2d 575, 579 (6th Cir. 1983). If one of the plaintiffs failed to join in the action, and it is clear from the evidence that the other plaintiff exclusively owned a particular item of personal property, would the plaintiff who brought suit be entitled to compensation for the other plaintiff's property? The answer is no. "When an insurer with knowledge of an adverse claim pays one of the claimants, the insurer does so at its own risk and, notwithstanding such payment, will be liable to one rightfully entitled to a portion of the proceeds." *Gray v. Holyoke Mut. Fire Ins. Co.*, 302 So. 2d 104, 108 (Ala. 1974). "Simply stated, when property held by tenants in common is insured in the names of all, the proceeds of such a policy inure to the benefit of all according to their respective shares." *Id.* at 297. The fact that one of the plaintiffs was an "insured" by definition, rather than by being actually named in the policy, makes no difference. *Hosey,* 363 So. 2d at 754.

Some of the information submitted by Standard evidences a joint and undivided ownership of personal property by the Plaintiffs, but other

information—in particular, the "Contents Claim Worksheet"—shows items that are probably not jointly owned; for example, dresses, hunting supplies, jewelry, stockings, and perfume. (Notice of Removal at Ex. C.) Items that are jointly owned may very well result in a portion of Plaintiffs claims being aggregated. But, the aggregation of a portion of the claims does not mean that all of the claims should be aggregated. In addition, each Plaintiff is entitled to prosecute his or her own claim for emotional distress if it is proven and recoverable.

Plaintiffs limited their respective claims to less than $75,000. (Compl.) Some of that figure, if proven, may be a common and undivided damage that is chargeable to both Plaintiffs. However, some of that figure is not chargeable to both Plaintiffs. Standard has not demonstrated that either or both Plaintiffs actually seek more than $75,000, exclusive of interest and costs. Thus, Standard has failed to meet its burden of demonstrating that the amount in controversy exceeds $75,000.

V.   Conclusion.

The Court concludes that it is without jurisdiction to decide this case.

Accordingly, Plaintiffs' motion to remand will be granted and this cause will be remanded to the Circuit Court of Walker County, Alabama, from which it was improvidently removed.  A separate order will be entered.

Done this  30th  day of November 2004.

L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE